**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4782**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MARTIN MENDEZ, a/k/a Tilin, a/k/a Chico, a/k/a Gordo,

Defendant - Appellant.

**No. 10-4803**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ELVER DIAZ-VEGA, a/k/a Elver Vega-Diaz, a/k/a Elver Mendez-Vega, a/k/a Al, a/k/a Raymond Sanchez,

Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, District Judge. (3:09-cr-00930-CMC-1; 3:09-cr-00930-CMC-2)

Submitted: February 27, 2012          Decided: March 29, 2012

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

––––––––––––––

Michael W. Chesser, Aiken, South Carolina; Wallace H. Jordan, Jr., WALLACE H. JORDAN, JR., PC, Florence, South Carolina, for Appellants. William N. Nettles, United States Attorney, Susan Z. Hitt, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

––––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Martin Mendez and Elver Diaz-Vega of conspiracy to possess with intent to distribute and distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2006); convicted Mendez of three counts of possession with intent to distribute cocaine and marijuana and aiding and abetting, in violation of 18 U.S.C. § 2 (2006), 21 U.S.C. § 841(a)(1) (2006), and three counts of use of a communication facility to commit a felony and aiding and abetting, in violation of 18 U.S.C. § 2, 21 U.S.C. § 843; and convicted Diaz-Vega of possession of a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2006), and possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5) (2006). The district court sentenced Mendez to a total of 240 months of imprisonment and sentenced Diaz-Vega to a total of 300 months of imprisonment, and they now appeal. Finding no error, we affirm.

On appeal, Mendez argues that the district court erred in instructing the jury regarding the amount of drugs for which it could find Mendez responsible. As Mendez failed to object to the jury instructions before the district court, we review this issue for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). To meet this standard, Mendez must demonstrate that there was error, that was

3

plain, and that affected his substantial rights. Id. Moreover, even if Mendez demonstrates plain error occurred, we will not exercise discretion to correct the error "unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

"We review a jury instruction to determine whether, taken as a whole, the instruction fairly states the controlling law." United States v. Hurwitz, 459 F.3d 463, 474 (4th Cir. 2006) (internal quotation marks and citation omitted). Under 21 U.S.C.A. § 841(b) (West 2006 & Supp. 2011), "the amount of narcotics attributable to a defendant dictates the period of incarceration for a defendant convicted of the substantive offense." United States v. Collins, 415 F.3d 304, 312 (4th Cir. 2005). In a prosecution for a conspiracy involving multiple drugs, a district court must assess the quantity of drugs attributable to each coconspirator by relying on the principles set forth in Pinkerton v. United States, 328 U.S. 640 (1946). Id. "Under current precedent, rather than the district court applying Pinkerton principles when determining the appropriate sentence under § 841(b), that same court must instead instruct the jury to use Pinkerton principles when making the same determination." Id. at 314.

4

Pursuant to Pinkerton, a coconspirator is liable for the amount of drugs with which he was personally involved, or the amount that other members of the conspiracy were involved in whose actions "were both reasonably foreseeable and in furtherance of the jointly undertaken criminal activity." Id. at 311 (citing Pinkerton, 328 U.S. at 640). Here, the district court properly instructed the jury regarding the amount of drugs for which it could hold Mendez responsible in accordance with the Pinkerton principles. We therefore find no plain error in the court's charge to the jury.

Mendez and Diaz-Vega also argue that the district court erred in allowing a witness to assert his Fifth Amendment right against self-incrimination at a hearing on the Appellants' motion for a new trial. We review a district court's denial of a motion for a new trial for abuse of discretion. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). "The Sixth Amendment grants a defendant the right to compel testimony by witnesses in his defense. When a defendant's right to compel testimony conflicts with a witness' privilege against self-incrimination, however, a court must make a proper and particularized inquiry into the legitimacy and scope of the witness' assertion of the privilege." United States v. Sayles, 296 F.3d 219, 223 (4th Cir. 2002) (internal quotation marks and citation omitted). The district court may excuse a witness from

5

testifying only upon a finding that the witness "could legitimately refuse to answer any and all relevant questions." Id. (internal quotation marks and citations omitted). We have thoroughly reviewed the record and conclude that the district court conducted a proper inquiry and did not err in allowing the witness to assert his Fifth Amendment privilege.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED